**COURT OF APPEALS**
**DECISION**
**DATED AND FILED**

**December 4, 2019**

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.    **2018AP1466-CR**

Cir. Ct. No. **2015CF513**

**STATE OF WISCONSIN**

**IN COURT OF APPEALS**
**DISTRICT III**

STATE OF WISCONSIN,

    PLAINTIFF-RESPONDENT,

V.

NOAH ANDREW CHRISTOFF,

    DEFENDANT-APPELLANT.

APPEAL from a judgment of the circuit court for St. Croix County: EDWARD F. VLACK III, Judge. *Affirmed*.

Before Stark, P.J., Hruz and Seidl, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1    PER CURIAM. Noah Christoff appeals from a judgment convicting him of possession of amphetamine with intent to sell. The sole issue

on appeal is whether the circuit court erroneously exercised its discretion when it refused to suppress evidence seized pursuant to a search warrant. Christoff contends the search warrant was improperly obtained by a law enforcement officer from an adjoining state in the absence of a statutory mutual aid agreement. We conclude the court properly exercised its discretion in determining that suppression was not a proper remedy for the alleged statutory violation. We therefore affirm.

## BACKGROUND

¶2     Sergeant Shannon Sills and officer Jeff Schwab both worked for the City of St. Paul Police Department in Minnesota. Sills was investigating a series of burglaries in which Christoff was a suspect. Schwab was assigned to work with the North Star United States Marshall Task Force. In that capacity, Schwab was tasked with locating Christoff for several outstanding drug-related arrest warrants, as well as in connection with the burglaries.

¶3     On November 2, 2015, Sills informed Schwab that a vehicle associated with Christoff had been spotted in a motel parking lot in Hudson, Wisconsin. Schwab proceeded to the location and observed Christoff carrying items back and forth between the vehicle and the motel. Schwab contacted the St. Croix County Sheriff's Department, and its deputies subsequently arrested Christoff at the motel. Following Christoff's arrest, Sills applied to the St. Croix County Circuit Court for a warrant to search Christoff's motel room and vehicle, based in part upon observations Schwab made.

¶4     Christoff moved to suppress evidence seized during the execution of the search warrant. Christoff asserted that Minnesota law does not provide a peace officer with the authority to request a search warrant in a foreign jurisdiction, and

2

that Wisconsin law does not permit a law enforcement officer from a foreign jurisdiction to apply for a search warrant in this state without a mutual aid agreement in effect. The circuit court denied the suppression motion based in part upon a conclusion that Wisconsin law does not actually require an applicant for a search warrant to be a law enforcement officer. Christoff appeals that determination.

## DISCUSSION

¶5 WISCONSIN STAT. § 968.12 (2017-18)[1] sets forth the procedure for obtaining a search warrant. The statute refers to what steps a "person" applying for the warrant should take, without providing any specific qualifications or requirements that the applicant must satisfy. Sec. 968.12(2), (3)(b)1., (3)(b)2. If the criteria for obtaining a warrant have been satisfied, the judge shall issue an order directing "a law enforcement officer" to conduct a search of the designated person or property. Sec. 986.12(1).

¶6 WISCONSIN STAT. § 175.46(2) authorizes a law enforcement agency from an adjacent state to enter into a mutual aid agreement with a law enforcement agency from this state. Such an agreement allows the law enforcement officers from the agency in the adjacent state to "act with some or all of the arrest and other police authority" of a Wisconsin law enforcement officer while within the Wisconsin law enforcement agency's jurisdiction. Sec. 175.46(2)(a). It is uncontested that the St. Croix County Sheriff's Department did not execute a mutual aid agreement with any law enforcement agency from Minnesota.

---

[1] All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

3

¶7  On appeal, Christoff contends the circuit court's interpretation of the search warrant statute, WIS. STAT. § 968.12, conflicts with the mutual aid statute, WIS. STAT. § 175.46(2).  Specifically, he argues that allowing any person, including a law enforcement officer from another state, to apply for a search warrant in this state undermines the statutory procedure that law enforcement officers from other states are required to follow.  Christoff suggests the only reasonable way to reconcile the two statutes is to hold that the person applying for a search warrant must be a law enforcement officer either licensed in this state or acting pursuant to a mutual aid agreement.  We conclude it is unnecessary to address the merits of Christoff's statutory interpretation argument because suppression is not an available remedy to him under the facts of this case in any event.

¶8  First, the exclusionary rule exists to deter police misconduct, not to correct judicial error.  *State v. Kerr*, 2018 WI 87, ¶21, 383 Wis. 2d 306, 913 N.W.2d 787.  In our view, the relevant constitutional conduct by police was the seizure of the evidence by the Wisconsin law enforcement officers.  Even if the circuit court erred in issuing the search warrant based upon the application of a "person" who was not a Wisconsin law enforcement officer, the Wisconsin law enforcement officers who executed the warrant did nothing wrong in relying upon it in good faith.

¶9  Second, evidence obtained in violation of a statute must be suppressed only when necessary to achieve the objectives of the statute.  *State v. Popenhagen*, 2008 WI 55, ¶62, 309 Wis. 2d 601, 749 N.W.2d 611.  The purpose of the search warrant statute is to codify the constitutional requirements of the Fourth Amendment—namely, to ensure that a warrant is issued by a neutral and detached magistrate, that it is based upon probable cause, and that it states with

4

particularity the places to be searched and items to be seized. *State v. Tate*, 2014 WI 89, ¶¶28-30, 357 Wis. 2d 172, 849 N.W.2d 798. An alleged violation of the mutual aid agreement statute does not undermine any of those requirements.

¶10 We therefore conclude the circuit court properly exercised its discretion by denying the motion to suppress the evidence seized pursuant to the search warrant.

*By the Court.*—Judgment affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.